IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS, JONESBORO DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 0 3 2016

JAMES W. McCORMACK, CLERK
By:_____
                              DEP CLERK

| | |
|---|---|
| SHERRAN K. HALE, Individually, and as Administrator and Personal Representative of the Estate of Robert Hale, deceased, | ) ) ) ) |
| Plaintiffs, | ) ) |
| -vs- | ) ) ) |
| EMPIRE EXPRESS, INC., EMPIRE TRANSPORTATION, INC., and J. ANTHONY BRADLEY, Administrator and Personal Representative of the Estate of Iketha D. Winchester, deceased, | ) ) ) ) ) ) |
| Defendants. | ) ) |

No.:   3:16-cv-00120 DPM/JSH

JUDGE:
MAGISTRATE:

This case assigned to District Judge _____MARSHALL_____
and to Magistrate Judge_____HARRIS_____

## EMPIRE EXPRESS, INC. AND EMPIRE TRANSPORTATION, INC. NOTICE OF REMOVAL

Defendants Empire Express, Inc. and Empire Transportation, Inc., by and through its undersigned counsel and pursuant to 28 U.S.C. § 1441 and §1446, removes this action from the Circuit Court for Crittenden County, Arkansas to the United States District Court for the Eastern District of Arkansas, Jonesboro Division.  In support, removing Defendants state as follows:

1.     There was commenced on March 30, 2015, an action docketed as Case No. CV2016-195 in the Circuit Court of Crittenden County in which Sherran K. Hale, individually and as the administrator and person representative of the estate of Robert W. Hale, deceased, were the Plaintiffs and Empire Express, Inc., Empire Transportation, Inc. and J. Anthony Bradley, Administrator and Personal Representative of the Estate of Iketha D. Winchester, deceased were the Defendants.  These removing Defendants were served with the above

1

Summons and Complaint on April 4, 2016 (a true and accurate copy of the Summons and Complaint are attached as Exhibit 1.)

2.    This is a personal injury action from a tractor trailer accident in which Plaintiffs allege negligence and violation of motor carrier safety regulations against the removing Defendants.  Plaintiffs also allege through *respondeat superior* that the removing Defendants are responsible for the negligence of Defendant Iketha D. Winchester (through her administrator and personal representative of her estate, J. Anthony Bradley) for her actions in operating the tractor trailer that collided with the vehicle being operated by Plaintiffs' deceased, Robert D. Hale. Plaintiffs seek compensatory damages in the amount of $35,000,000.  Plaintiffs seek punitive damages in the amount of $20,000,000.  Based on Plaintiffs' demand, the amount in controversy herein, exclusive of costs and interest, is in excess of seventy-five thousand dollars ($75,000.00).

4.    This action involves a controversy between citizens of different States:   (a) Plaintiffs were and are alleged to be individuals residing in the state of Arkansas; (b) Defendant Empire Express, Inc., at the time of the commencement of this action, is a Tennessee corporation, with its principal place of business in Tennessee.  Accordingly, at the time of the commencement of this action, Empire Express, Inc. was not and is not a citizen of the State of Arkansas; (c) Defendant Empire Transportation, Inc. at the time of the commencement of this action, is a Tennessee corporation, with its principal place of business in Tennessee. Accordingly, at the time of the commencement of this action, Empire Transportation, Inc. was not and is not a citizen of the State of Arkansas; Defendant J. Anthony Bradley as the administrator and personal representative of the estate of Iketha D. Winchester (who at the time of her death was a resident of Houston, Texas) is alleged to reside or conduct business at 3107 East  Corporate  Edge  Drive,  Germantown,  Tennessee.     Accordingly,  at  the  time  the

commencement of this action, J. Anthony Bradley was not and is not a citizen of the State of Arkansas (and at the time of her death, Iketha D. Winchester was not and is not a citizen of the State of Arkansas).

     5.     Plaintiffs are citizens of the State of Arkansas.  Defendants are citizens of the State of Tennessee.  Complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332.

     6.     Plaintiffs allege violations of Federal Motor Carrier Safety Regulations in the Complaint.  This creates a federal question which provides for original jurisdiction by the District Court of the United States pursuant to 28 U.S.C. § 1331.

     6.     The District Court of the United States has been given original jurisdiction in this action pursuant to 28 U.S.C. § 1332 and § 1331, and removal is proper under 28 U.S.C. §1441.

     7.     This Notice of Removal is timely filed under 28 U.S.C. §1446(b)(3) within  thirty (30) days after removing Defendants received a copy of the Complaint.

     8.     Written notice of the filing of this Notice of Removal will be given to all parties as required by law.

     9.     A true and accurate copy of this Notice of Removal will be filed with the Clerk of Courts for the Circuit Court for Crittenden County, Arkansas and with the Clerk of Courts of the United States District Court Eastern District of Arkansas, Jonesboro Division.

     10.     Verification for authority to remove this action by counsel for these Defendants is attached as Exhibit 2.

     20.     Pursuant to Fed. R. Civ. P. 38(b), these Defendants hereby demand a jury for the trial of this matter.

Based on the foregoing, this action is properly removed from the Circuit Court for Crittenden County, Arkansas to the United States District Court for the Eastern District of Arkansas, Jonesboro Division for all further proceedings.

Respectfully submitted,

WILLIAM H. EDWARDS, JR.   AR BIN 80040
Barber Law Firm PLLC
425 W. Capitol, Suite 3400
Little Rock, AR  72201
(501) 372-6175/(501) 375-2802 (Fax)
wedwards@barberlawfirm.com

## JURY DEMAND

Now come Defendants Empire Express, Inc. and Empire Transportation, Inc., by and through counsel, and herein demands a trial by jury of the issues triable of and by a jury in this action.

WILLIAM H. EDWARDS, JR.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was forwarded via US Mail on this the 2nd day of May, 2016 to:

Corey Trotz - cbtrotz@nstplc.com
**Nahon, Saharovich & Trotz, PLC**
488 S Mendenhall Rd
Memphis, TN 38117

WILLIAM H. EDWARDS, JR.

4

Private Process Service by

# PDQ

THE CIRCUIT COURT OF **Crittenden** COUNTY, ARKANSAS

_____ DIVISION [Civil, Probate, etc.]

## Sherran K. Hale, et al.

Plaintiff

v.

No. CV2016-195

## Empire Express Inc., et al.

Defendant

### SUMMONS

### THE STATE OF ARKANSAS TO DEFENDANT:

Empire Transportation Inc.c/o Timothy Gatlin
_____ [Defendant's name and address.]

10001 Bentwood Tree Cove, Collierville TN 38017
_____

A lawsuit has been filed against you. The relief demanded is stated in the attached
complaint. Within 30 days after service of this summons on you (not counting the day
you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other
correctional facility in Arkansas — you must file with the clerk of this court a written
answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil
Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose
name and address are: Corey B. Trotz, Esq., 488 South Mendenhall Rd., Mmephis, TN 38117
_____

If you fail to respond within the applicable time period, judgment by default may be
entered against you for the relief demanded in the complaint.

CLERK OF COURT

Address of Clerk's Office

[Signature of Clerk or Deputy Clerk]

Date: March 30, 2016

[SEAL]

No. _____ **This summons is for** Empire Transportation Inc. _____ *(name of*
*Defendant).*

## PROOF OF SERVICE

☒ I personally delivered the summons and complaint to the individual at _____
_____[place] on _____ [date]; or

☐ I left the summons and complaint in the proximity of the individual by _____
_____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of
abode at _____[address] with _____[name], a
person at least 14 years of age who resides there, on _____[date]; or

☐ I delivered the summons and complaint to _____[name of individual],
an agent authorized by appointment or by law to receive service of summons on behalf of
_____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served
the summons and complaint on the defendant by certified mail, return receipt requested,
restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a
copy of the summons and complaint by first-class mail to the defendant together with two
copies of a notice and acknowledgment and received the attached notice and
acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____

SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _4/4/16_

By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
CIVIL DIVISON

SHERRAN K. HALE, Individually, and as
Administrator and Personal Representative of the
Estate of ROBERT W. HALE, deceased,

          Plaintiffs,

vs.

Docket: *CV2016-195*

**JURY DEMANDED**

EMPIRE EXPRESS, INC., EMPIRE
TRANSPORTATION, INC., and
J. ANTHONY BRADLEY, Administrator and
Personal Representative of the Estate of
Iketha D. Winchester, deceased,

          Defendants.

## COMPLAINT FOR PERSONAL INJURY AND WRONGFUL DEATH

COMES NOW the Plaintiff, Sherran K. Hale, as Administrator and Personal
Representative of the Estate of Robert W. Hale, deceased, by and through her attorneys, Nahon,
Saharovich & Trotz, PLC, and files this Complaint against the Defendants, Empire Express, Inc.,
Empire Transportation, Inc., and J. Anthony Bradley, the Administrator and Personal
Representative of the Estate of Iketha D. Winchester, deceased, and in support thereof state the
following to wit:

### JURISDICTION, VENUE AND SERVICE OF PROCESS

1.      Plaintiff, Sherran K. Hale, is an adult resident of Marion, Crittenden County,
Arkansas and was appointed Administrator and Personal Representative of the Estate of Robert
W. Hale, deceased, in the Circuit Court, Probate Division, of Crittenden County, Arkansas, No.

PR2015-146, on July 8, 2015. Plaintiff, Sherran K. Hale is the surviving spouse of Robert W. Hale, deceased.

2.     Upon information and belief, the Defendant, Empire Express, Inc., is a Tennessee corporation doing business in Arkansas, United States Department of Transportation Number 253615, with a principal place of operation at 999 Channel Avenue, Memphis, Shelby County, Tennessee, and may be served through its BOC-3 registered agent, Truck Process Agents of America, Inc., Deborah L. Webb, 1522 ½ E. Race Avenue, Searcy, Arkansas, 72143. At all times pertinent to the present action, Iketha D. Winchester, deceased, was the employee, agent and/or servant of Defendant Empire Express, Inc.

3.     Upon information and belief, the Defendant, Empire Transportation, Inc., is a Tennessee corporation doing business in Arkansas, with a principal place of operation at 999 Channel Avenue, Memphis, Shelby County, Tennessee, and may be served through its registered agent, Timothy H. Gatlin, 10001 Bentwood Tree Cove, Collierville, Tennessee 38017.  Upon further information and belief, at all times pertinent to the present action, Iketha D. Winchester, deceased, was the employee, agent and/or servant of Defendant Empire Transportation, Inc.

4.     J. Anthony Bradley was appointed Administrator and Personal Representative of the Estate of Iketha D. Winchester, deceased, in the Circuit Court, Probate Division, of Crittenden County, Arkansas, No. PR2016-39, on February 26, 2016 and may be served at 3107 East Corporate Edge Drive, Germantown, Shelby County Tennessee 38138.

5.     This cause of action arises out of a motor vehicle collision which occurred in West Memphis, Crittenden County, Arkansas on November 5, 2014.  Jurisdiction, venue and issuance of service of process are thus proper with this court.

## **FACTS**

6.     On or about November 5, 2014, at approximately 11:51 P.M., Robert W. Hale, deceased, was operating a 2014 Dodge Ram 1500 bearing Arkansas license plate number 170TSR, in an eastbound direction on Interstate 40 at or near mile marker 276 in West Memphis, Crittenden County, Arkansas.

7.     At the same time, the Defendant, Empire Express, Inc.'s and/or Empire Transportation, Inc.'s driver, employee, agent and/or servant, Iketha D. Winchester, deceased, was operating a 2010 Freightliner Cascadia tractor-trailer, bearing Tennessee License Plate Number K481HZ and United States Department of Transportation Number 253615, owned and maintained by Defendant, Empire Express, Inc. and/or Empire Transportation, Inc., also in an eastbound direction on Interstate 40 at or near mile marker 276 in West Memphis, Crittenden County, Arkansas.

8.     While Robert W. Hale, deceased, was lawfully operating his vehicle in the right travel lane on Interstate 40 East, suddenly and without warning, Defendant, Iketha D. Winchester, deceased, then violently, negligently, recklessly, and with wanton disregard for the life and safety of Robert W. Hale, struck with the front of Defendant's tractor-trailer the rear of Plaintiffs' vehicle. The violent force of this impact pushed Robert W. Hale's vehicle to the right, off of the roadway, causing it to strike the rear of the 2011 Chevrolet Tahoe, owned by the Arkansas State Highway and Transportation Department and operated by Louis Hatchett.

9.     Following that impact, the 2010 Freightliner Cascadia, operated by Defendant, Empire Express, Inc's and/or Empire Transportation, Inc.'s driver, employee, agent and/or servant, continued eastbound on Interstate 40, striking a 2005 Volvo 635 tractor-trailer, owned by Big M Transportation and operated by Brian Tapley, which vehicle was then pushed into a

2003 Ford Windstar, owned by Shrine Club Desoto and operated by Bobby Davis. That impact

further caused the 2003 Ford Windstar to strike a 2011 Peterbuilt tractor-trailer, owned by MSM

Transport and operated by Ralph Herring, and a 2012 Peterbuilt 587 tractor-trailer, owned by

Danielsons Express, Inc., and operated by Adolfo Gonzalez.

10.     As a direct and proximate result of the violent collision, Robert W. Hale's vehicle

was destroyed and Robert W. Hale sustained severe and debilitating personal injuries which left

him quadriplegic.

11.     As a direct and proximate result of the negligent, reckless, and wanton conduct of

Iketha D. Winchester, deceased, Empire Express, Inc. and/or Empire Transportation, Inc. and the

injuries he sustained in this collision, to be hereinafter set out with more particularity, Robert W.

Hale died on May 27, 2015.

12.     At all times relevant hereto, Robert W. Hale, deceased, exercised care and caution

for his own safety and the safety of others properly on the aforesaid roadway.

## RESPONDEAT SUPERIOR

13.     Plaintiff charges and alleges that the 2010 Freightliner Cascadia tractor-trailer

operated by Iketha D. Winchester, deceased, was owned and maintained by the Defendants,

Empire Express, Inc. and/or Empire Transportation, Inc.  At all times pertinent to this matter,

Iketha D. Winchester, deceased, was the agent, servant, and/or employee of the Defendants,

Empire Express, Inc., and/or Empire Transportation, Inc., and was on or about the business of

the Defendants, Empire Express, Inc. and/or Empire Transportation, Inc. on November 5, 2014.

Therefore, Defendants, Empire Express, Inc. and/or Empire Transportation, Inc. are equally

liable for the negligent, reckless, wanton and tortious acts and/or omissions of Iketha D.

Winchester, deceased, which caused the personal injuries and subsequent death of Robert W. Hale pursuant to the respondeat superior doctrine of tort liability.

## ACTS AND/OR OMISSIONS OF NEGLIGENCE

14.     Plaintiff charges and alleges that the Defendants, Empire Express, Inc.'s and/or Empire Transportation, Inc.'s driver, employee, agent, and/or servant, Iketha D. Winchester, deceased, is guilty of one, some, or all of the following acts and/or omissions of common law negligence, all of which are imputed to Defendants Empire Express, Inc. and/or Empire Transportation, Inc., to wit:

    (a)    Failing to maintain a proper lookout ahead;

    (b)    Failing to maintain proper control of the vehicle under the existing circumstances;

    (c)    Failing to devote full time and attention to the operation of the vehicle;

    (d)    Failing to use the degree of care and caution that was required under the circumstances;

    (e)    Failing to operate the vehicle at a safe speed for the circumstances then and there existing;

    (f)    Failing to keep the vehicle under control; and

    (g)    Failing to exercise ordinary care at the time of the collision.

15.     Plaintiff charges and alleges that at the time of the collision in question, the following statutes of the State of Arkansas were in full force and effect and were violated by Iketha D. Winchester, deceased, all of which violations are imputed to Defendant, Empire Express, Inc., to wit:

> **Section 27-50-307:  Negligent Homicide.**
> (a)When the death of any person ensues within one (1) year as a proximate result of injury received by the driving of any vehicle in reckless or wanton disregard for the safety of others, the person operating the vehicle shall be guilty of negligent homicide.
>
> **Section 27-50-308: Reckless driving.**

*(a) Any person who drives any vehicle in such a manner as to indicate a wanton disregard for the safety of persons or property is guilty of reckless driving.*

### Section 27-51-201: Speed Limitations generally.

*(a)(1) No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing.*
*(2) In every event, speed shall be controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with the legal requirement and duty of all persons to use due care.*

### Section 27-51-305: Following too closely.

*(a)  The driver of a motor vehicle shall not follow a vehicle more closely than is reasonable and prudent, having due regard for the speed of the vehicles and the traffic upon and the condition of the highway.*

*(b)(1)  The driver of any motor truck or vehicle drawing another vehicle when traveling upon a roadway outside of a business or residence district shall not follow within two hundred feet (200') of another motor vehicle.*

### Section 27-52-102: Obedience to official devices required.

*No driver of a vehicle or motorman of a streetcar shall disobey the instructions of any official traffic-control device placed in accordance with the provisions of this chapter unless otherwise directed by a police officer.*

### Section 27-51-104:  Careless and prohibited driving.

(a) It shall be unlawful for any person to drive or operate any vehicle in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, vehicular or otherwise, or in such a manner as to evidence a failure to maintain proper control on the public thoroughfares or private property in the State of Arkansas.
(b) It shall be unlawful for any person to operate or drive any vehicle on the public thoroughfares or private property in the State of Arkansas in violation of the following prohibited acts:
   (1) Improper or unsafe lane changes on public roadways;
   (2) Driving onto or across private property to avoid intersections, stop signs, traffic control devices, or traffic lights;
   (3) Driving in such a manner, or at such a speed, so as to cause a skidding, spinning, or sliding of tires or a sliding of the vehicle;
   (4) Driving too close to, or colliding with, parked or stopped vehicles, fixtures, persons, or objects adjacent to the public thoroughfares;
   (5) Driving a vehicle which has any part thereof, or any object, extended in such fashion as to endanger persons or property;
   (6) To operate any vehicle in such a manner which would cause a failure to maintain control;
   (7) To operate or drive a vehicle wherein or whereon passengers are located in such a manner as to be dangerous to the welfare of such passengers; or
   (8) To operate a vehicle in any manner, when the driver is inattentive, and such inattention is not reasonable and prudent in maintaining vehicular control.

## FEDERAL MOTOR CARRIER SAFETY REGULATIONS

16.     Plaintiff charges and alleges that at the time of the subject accident, the Defendants, Empire Express, Inc., USDOT No. 253615, and/or Empire Transportation, Inc., and Iketha D. Winchester were subject to the rules and regulations of the Federal Motor Carrier Safety Administration as codified in 49 C.F.R. §§ 40, 303, 325, and 350-399. Plaintiffs charge and allege that at the time of the collision in question, the following Regulations of the Federal Motor Carrier safety Administration were in full force and effect and were violated by the Defendant's driver, employee, agent, and/or servant, Iketha D. Winchester, deceased, which violations should be imputed to the Defendants, Empire Express, Inc. and/or Empire Transportation, Inc., and in some instances were violated directly by Defendants, Empire Express, Inc. and/or Empire Transportation, Inc., to wit:

> ### 49 C.F.R. §383.110: General requirement.
> *All drivers of commercial motor vehicles shall have knowledge and skills necessary to operate a commercial motor vehicle safely as contained in this subpart.*
>
> ### 49 C.F.R. §383.111 Required knowledge.
>
> *All commercial motor vehicle operators must have knowledge of the following general areas:*
>
> *a) Safe operations regulations.*
> *Driver related elements of the regulations contained in 49 CFR Parts 382, 391, 392, 393, 395, 396, and 397, such as: Motor vehicle inspection, repair, and maintenance requirements; procedures for safe vehicle operations; the effects of fatigue, poor vision, hearing, and general health upon safe commercial motor vehicle operation; the types of motor vehicles and cargoes subject to the requirements; and the effects of alcohol and drug use upon safe commercial motor vehicle operations.*
>
> *(b) Commercial motor vehicle safety control systems. Proper use of the motor vehicle's safety system, including lights, horns, side and rear view mirrors, proper mirror adjustments, fire extinguishers, symptoms of improper operation revealed through instruments, motor vehicle operation characteristics, and diagnosing malfunctions. Commercial motor vehicle drivers shall have knowledge on the*

*correct procedures needed to use these safety systems in an emergency situation, e.g., skids and loss of brakes.*

*(c) **Safe vehicle control.***

> *(1) **Control systems** — The purpose and function of the controls and instruments commonly found on commercial motor vehicles.*

> *(c)(2) **Basic control** — The proper procedures for performing various basic maneuvers.*

> *(c)(3) **Shifting** — The basic shifting rules and terms, as well as shift patterns and procedures for common transmissions.*

> *(c)(5) **Visual search** — The importance of proper visual search, and proper visual search methods.*

> *(c)(6) **Communication** — The principles and procedures for proper communications and the hazards of failure to signal properly.*

> *(c)(7) **Speed Management** — The importance of understanding the effects of speed.*

> *(c)(8) **Space management** — The procedures and techniques for controlling the space around the vehicle.*

> *(c)(10) **Extreme driving conditions** — The basic information on operating in extreme driving conditions and the hazards that are encountered in extreme conditions.*

> *(c)(11) **Hazard perceptions** — The basic information on hazard perception and clues for recognition of hazards.*

> *(c)(12) **Emergency maneuvers** — The basic information concerning when and how to make emergency maneuvers.*

> *(c)(13) **Skid control and recovery** — The information on the causes and major types of skids, as well as the procedures for recovering from skids.*

*(e) **Vehicle inspections:** The objectives and proper procedures for performing vehicle safety inspections, as follows:*

> *(e)(1) The importance of periodic inspection and repair to vehicle safety.*

> *(e)(2) The effect of undiscovered malfunctions upon safety.*

> *(e)(3) What safety related parts to look for when inspecting vehicles.*

*(e)(4) Pre-trip/enroute/post-trip inspection procedures.*

*(e)(5) Reporting findings.*

**(g) Air brake knowledge as follows:**

*(g)(1) Air brake system nomenclature;*

*(g)(2) The dangers of contaminated air supply;*

*(g)(3) Implications of severed or disconnected air lines between the power unit and the trailer(s);*

*(g)(4) Implications of low air pressure readings;*

*(g)(5) Procedures to conduct safe and accurate pre-trip inspections.*

*(g)(6) Procedures for conducting enroute and post-trip inspections of air actuated brake systems, including ability to detect defects which may cause the system to fail.*

**(h) Operators for the combination vehicle group shall also have knowledge of:**

*(h)(2) **Vehicle inspection** — The objectives and proper procedures that are unique for performing vehicle safety inspections on combination vehicles.*

**49 C.F.R. §390.11 Motor carrier to require observance of driver regulations.**

*Whenever in Part 325 of Subchapter A or in this subchapter a duty is prescribed for a driver or a prohibition is imposed upon the driver, it shall be the duty of the motor carrier to require observance of such duty or prohibition. If the motor carrier is a driver, the driver shall likewise be bound.*

**49 C.F.R. §390.37 Violation and penalty.**

*Any person who violates the rules set forth in this subchapter or Part 325 of Subchapter A may be subject to civil or criminal penalties.*

**49 C.F.R. 392.2:  Applicable operating rules.**
*Every commercial motor vehicle must be operated in accordance with the laws, ordinances, and regulations of the jurisdiction in which it is being operated. However, if a regulation of the Federal Motor Carrier Safety Administration imposes a higher standard of care than that law, ordinance or regulation, the Federal Motor Carrier Safety Administration regulation must be complied with.*

9

**49 C.F.R. §392.3 Ill or fatigued operator.**
*No driver shall operate a motor vehicle, and a commercial motor carrier shall not require or permit a driver to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle. However, in a case of grave emergency where the hazard to occupants of the commercial motor vehicle or other users of the highway would be increased by compliance with this section, the driver may continue to operate the commercial motor vehicle to the nearest place at which that hazard is removed.*

**49 C.F.R. 398.14:  Hazardous conditions; extreme caution.**
*Extreme caution in the operation of a commercial motor vehicle shall be exercised when hazardous conditions, such as those caused by snow, ice, sleet, fog, mist, rain, dust, or smoke, adversely affect visibility or traction. Speed shall be reduced when such conditions exist. If conditions become sufficiently dangerous, the operation of the commercial motor vehicle shall be discontinued and shall not be resumed until the commercial motor vehicle can be safely operated. Whenever compliance with the foregoing provisions of this rule increases hazard to passengers, the commercial motor vehicle may be operated to the nearest point at which the safety of passengers is assured.*

## PROXIMATE CAUSE

17.     Plaintiff charges and alleges that one, some or all of the aforesaid acts of common law negligence, violations of the statutes of the State of Arkansas and/or violations of various rules and regulations of the Federal Motor Carrier Safety Administration by Iketha D. Winchester, deceased, and Defendants, Empire Express, Inc. and/or Empire Transportation, Inc. were the direct and proximate cause of the collision at issue, the death of Robert W. Hale and the Plaintiffs' injuries and damages, to be hereinafter set out with more particularity.

## PUNITIVE DAMAGES

18.     Plaintiff charges and alleges that the Defendants, Empire Express, Inc.'s, and/or Empire Transportation, Inc.'s driver, employee, agent and/or servant, Iketha D. Winchester, deceased, acted with a reckless and/or wanton disregard for the life and safety of Robert W. Hale, deceased, all such acts which are imputed to Defendants, Empire Express and/or Empire

Transportation, Inc., and that the Plaintiff is entitled to recover punitive damages in this cause of action.

## INJURIES AND DAMAGES

19.     Plaintiff, Sherran K. Hale, Individually and as Personal Representative and Administrator of the Estate of Robert W. Hale, deceased, charges and alleges that as a direct and proximate result of one, some, or all of the aforesaid acts of common-law negligence, violations of the statutes of the state of Arkansas, and/or violations of certain rules and regulations of the Federal Motor Carrier Safety Administration by Defendants, Empire Express, Inc. and/or Empire Transportation, Inc., and by Iketha D. Winchester, deceased, which acts and omissions are imputed to the Defendant, Empire Express, Inc., that Robert W. Hale, deceased, suffered severe and debilitating personal injuries, including, but not limited to: fractured cervical vertebrae, multiple fractures to his left arm, femur, ribs, and a hyper-extended right elbow.  Due to the injuries sustained in this collision, Robert W. Hale was left quadriplegic.  As a direct and proximate result of the aforementioned acts and omissions of the Defendant, Robert W. Hale died on May 27, 2015 due to the severe and debilitating injuries he sustained in the subject collision.

20.     Plaintiff, Sherran K. Hale, Individually and as Personal Representative and Administrator of the Estate of Robert W. Hale, deceased, charges and alleges that as a direct and proximate result of one, some, or all of the aforesaid acts of common-law negligence, violations of the statutes of the state of Arkansas, and/or violations of certain rules and regulations of the Federal Motor Carrier Safety Administration by Defendants, Empire Express, Inc. and/or Empire Transportation, Inc., and by Iketha D. Winchester, deceased, which acts and omissions are

imputed to the Defendants, Empire Express, Inc. and/or Empire Transportation, Inc., that Plaintiff is entitled to receive damages, including but not limited to:

    a.    Pecuniary damages sustained by Robert W. Hale's surviving spouse and his other statutory beneficiaries;

    b.    Loss of aid, comfort, services, companionship, and society of Robert W. Hale sustained by his surviving spouse and his other statutory beneficiaries;

    c.    Severe mental anguish suffered by Robert W. Hale's surviving spouse and his other statutory beneficiaries;

    d.    Severe and fatal physical injuries sustained by Robert W. Hale;

    e.    Enormous pain and suffering sustained by Robert W. Hale prior to his death;

    f.    Hedonic damages, including loss of enjoyment of life damages for Robert W. Hale;

    g.    Enormous mental anguish;

    h.    Property damage;

    i.    Loss of earning capacity, past and future;

    j.    Medical expenses;

    k.    Funeral and burial expenses; and

    l.    Out of pocket expenses, including, but not limited to, modifications to the home of Robert W. Hale to accommodate his disabilities, purchase of a 2014 Dodge Grand Caravan Handicap Conversion van, purchase of a motorized wheelchair, and other expenses necessary to accommodate the severe disabilities of Robert W. Hale.

## RELIEF

21.    WHEREFORE, Plaintiffs sue the Defendants, Empire Express, Inc. and/or Empire Transportation, Inc., and J. Anthony Bradley, as the Administrator and Personal Representative of the Estate of Iketha D. Winchester, deceased, and seeks a judgment in the

amount of Thirty-Five Million Dollars ($35,000,000.00) for compensatory damages and seeks a

judgment in the amount of Twenty Million Dollars ($20,000,000.00) for punitive damages.

22.    Plaintiffs also pray for a trial by jury, the right to recover their costs, the right to

amend their complaint to conform to the evidence as it develops, and for all general further and

equitable relief that they may be so entitled.

Respectfully submitted,

NAHON, SAHAROVICH & TROTZ, PLC

Corey B. Trotz, BR #200-5256
David W. Hill, BR #200-3194
Attorneys for Plaintiffs
488 S. Mendenhall
Memphis, TN  38117
Phone:  (901)-462-3333
Facsimile: (901)-746-1505

STATE OF ARKANSAS         )
                                )    ss.
COUNTY OF PULASKI       )

        William H. Edwards, Jr., being first duly sworn according to law, deposes and says that he is Counsel for Empire Express, Inc. and Empire Transportation, Inc. and will be involved in the case of <u>Sherran K. Hale, Individually and as Administrator and Personal Representative of the Estate of Robert W. Hale, deceased v. Empire Express, Inc., Empire Transporation, Inc., and J. Anthony Bradley, Administrator and Personal Representative of the Estate of Iketha D. Winchester, deceased,</u>.   Mr. Edwards has been authorized to remove this case on behalf of Empire Express, Inc. and Empire Transportation, Inc.   Mr. Edwards further states that the foregoing Notice of Removal is true and accurate to the best of his knowledge.

                                           _____
                                         William H. Edwards, Jr.

        Sworn to and subscribed before me, a Notary Public in and for said County and State of Arkansas, this _____2nd_____ day of May, 2016.

                                         _____
                                         NOTARY PUBLIC

MARSHA M. ANDRESS
NOTARY PUBLIC
My Commission Expires April 1, 2020
Commission #12375574
Pulaski County, Arkansas

"2"

## IN THE CIRCUIT COURT FOR CRITTENDEN COUNTY, ARKANSAS
## AT MARION

SHERRAN K. HALE, INDIVIDUALLY, AND AS )
ADMINSTRATOR AND PERSONAL )
REPRESENTATIVE OF THE ESTATE OF )
ROBERT W. HALE, DECEASED, )
                             )      CV 2016-195
         Plaintiffs, )
                             )      Case #: 06-C926
vs. )
                             )      JURY DEMAND
EMPIRE EXPRESS, INC., EMPIRE )
TRANSPORTATION, INC., AND J. ANTHONY )
BRADLEY, ADMINISTRATOR AND PERSONAL )
REPRESENTATIVE OF THE ESTATE OF )
IKETHA D. WINCHESTER, DECEASED, )
         Defendants. )

## ANSWER OF EMPIRE EXPRESS, INC. AND EMPIRE TRANSPORTATION, INC. TO
## PLAINTIFFS' COMPLAINT

For its Answer to the Plaintiffs' Complaint Defendant, Empire Express, Inc. and Empire

Transportation, Inc., states as follows:

1.      These Defendants deny for want of knowledge or information sufficient to state the

truth or veracity of the remaining allegations contained in Paragraph 1 of Plaintiffs' Complaint.

2.      Empire Express, Inc. admits it is a Tennessee corporation with its principal place of

business being 999 Channel Avenue, Memphis, TN 38016. Empire Express, Inc. further admits its

United States Department of Transportation Number is 253615 and its registered agent is Timothy

H. Gatlin, 10001 Bentwood Tree Cove, Collierville, TN 38017-9013. Empire Express, Inc. admits

that at the time of the accident, Iketha D. Winchester was an employee. Empire Express, Inc. denies

any and all remaining allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3.      Empire Transportation, Inc. admits it is a Tennessee corporation with its principal

place of business at 999 Channel Avenue, Memphis, TN 38106. Empire Transportation, Inc.

further admits its registered agent is Timothy H. Gatlin, 10001 Bentwood Tree Cove, Collierville, TN 38017-9013.  Empire Transportation, Inc. denies Iketha D. Winchester was an employee, agent or servant at the time of the accident.  Empire Transportation, Inc. denies any and all remaining allegations contained in Paragraph 3 of Plaintiffs' Complaint.

4.      These Defendants deny for want of knowledge or information sufficient to state the truth or veracity of the allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5.      These Defendants admit the cause of action alleged in the Complaint occurred in West Memphis, Crittenden County, Arkansas on November 5, 2014.  These Defendants deny for lack of knowledge or information sufficient to state the truth or veracity of the remaining allegations contained in Paragraph 5 of Plaintiffs' Complaint.

6.      Based upon the Arkansas Uniform Motor Vehicle Collision Report, these Defendants admit the allegations contained in Paragraph 6 of Plaintiffs' Complaint.

7.      These Defendants admit Iketha D. Winchester, as an employee of Empire Express, Inc., was operating a truck on November 5, 2014 owned by Empire Transportation, Inc. and leased to Empire Express, Inc.  These Defendants admit the identifying information as to the make, model and license of the truck being operated by Iketha D. Winchester.  The Defendants further admit the general location for the accident.  These Defendants deny any and all remaining allegations contained in Paragraph 19 of Plaintiffs' Complaint.

8.      These Defendants deny the allegations, as written, contained in first sentence of Paragraph 8 of Plaintiffs' Complaint.  These Defendants admit the tractor trailer operated by Defendant Iketha D. Winchester did collide with the vehicle operated by Robert W. Hale.  These Defendants deny the allegations, as written, contained in the second sentence of Paragraph 8 of Plaintiff's Complaint.  These Defendants deny for want of knowledge or information sufficient to

state the truth or veracity of the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.      These Defendants deny for want of knowledge or information sufficient to state the truth or veracity of the allegations contained in Paragraph 9 of Plaintiffs' Complaint.

10.      These Defendants deny for want of knowledge or information sufficient to state the truth or veracity of the allegations contained in Paragraph 10 of Plaintiffs' Complaint.

11.      These Defendants deny they are liable for the allegations and damages contained in Paragraph 11 of Plaintiffs' Complaint.   These Defendants deny for want of knowledge or information sufficient to state the truth or veracity of the remaining allegations contained in Paragraph 11 of Plaintiffs' Complaint.

12.      These Defendants deny for want of knowledge or information sufficient to state the truth or veracity of the allegations contained in Paragraph 12 of Plaintiffs' Complaint.

13.      These Defendants admit the subject tractor was operated by Iketha D. Winchester in her role as an employee of Empire Express, Inc on the date of the subject accident.   These Defendants further admit the subject tractor was owned by Empire Transportation, Inc. and leased to Empire Express, Inc.   These Defendants deny any and all remaining allegations contained in Paragraph 13 of Plaintiffs' Complaint.

14.      These Defendants deny the allegations contained in Paragraph 14 of Plaintiffs' Complaint, including but not limited to subparagraphs a, b, c, d, e, f, and g.

15.      These Defendants deny the allegations contained in Paragraph 15 of Plaintiffs' Complaint including subparagraphs Section 27-50-307; Section 27-50-308; Section 27-51-201; Section 27-51-305; Section 27-52-102; and Section 27-51-104.

16.     These Defendants deny they violated any rules and regulations of the Federal Motor Carrier Safety Administration.  These Defendants deny any and all remaining allegations contained in Paragraph 16 of Plaintiffs' Complaint, including subparagraphs 49 C.F.R. §383.110; 49 C.F. R. §383.111; 49 CFR §390.11; 49 C.F.R. §390-.37; 49 C.F.R. §392.2; 49 C.F.R. §392.3; and 49 C.F.R. §398.14.

17.     These Defendants deny the allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18.     These Defendants deny the allegations contained in Paragraph 18 of Plaintiffs' Complaint.

19.     These Defendants deny the allegations as to any liability asserted to it as alleged in Paragraph 19 of Plaintiffs' Complaint.   These Defendants deny for want of knowledge or information sufficient to state the truth or veracity of the allegations concerning the injuries sustained by Robert W. Hale as alleged in Paragraph 19 of Plaintiffs' Complaint.  These Defendants deny any and all remaining allegations contained in Paragraph 19 of Plaintiffs' Complaint.

20.     These Defendants deny the allegations contained in Paragraph 20 of Plaintiffs' Complaint, including subparagraphs a, b, c, d, e, f, g, h, i, j, k, and l.

21.     These Defendants deny the allegations contained in Paragraph 21 of Plaintiffs' Complaint.

22.     These Defendants deny the allegations contained in Paragraph 22 of Plaintiffs' Complaint.

23.     These Defendants deny any allegation not expressly admitted.

## PRELIMINARY STATEMENT

No discovery has been conducted to date in the above captioned civil action.  In order to preserve important legal rights and protections, Empire Express, Inc. and Empire Transportation, Inc. set forth below certain affirmative defenses which, based upon the information set forth in Plaintiffs' Complaint, they believe do or may apply to some or all of the claims raised thereon. Empire Express, Inc. and Empire Transportation, Inc. reserve the right to withdraw or modify some or all of the affirmative defenses set forth below, in whole or in part, depending on the outcome of discovery in this civil action.

In further answer to Plaintiffs' Complaint, Empire Express, Inc. and Empire Transportation, Inc. state as follows:

## AFFIRMATIVE DEFENSES

Pursuant to Rule 8 of the Arkansas Rules of Civil Procedure, Empire Express, Inc. and Empire Transportation, Inc. hereby plead their affirmative defenses in this action as follows:

1.      Plaintiffs' Complaint fails to state a claim upon which relief may be granted and/or fails to states facts upon which may be granted.

2.      These Defendants aver the incident and alleged injuries and damages for which recovery is sought were caused or contributed to by a person or persons other than these Defendants and over whom these Defendants had neither the control nor the right to control, or resulted from some independent cause, phenomenon, or misadventure beyond the control of these Defendants and for which these Defendants are not liable.

3.      These Defendants aver the Plaintiff is not entitled to recover any damages from these Defendants, including but not limited to, the damage alleged in the Complaint and in the Complaints' Prayer for Relief.

4.     These Defendants aver they did not engage in any negligence which caused or contributed to Plaintiffs' alleged damages.

5.     These Defendants deny that they are liable for any act which directly or proximately caused or contributed to the damage alleged or sustained by Plaintiff.  These Defendants further deny that they are liable for any act of omission or commission which directly or proximately caused or contributed to the damages alleged to have incurred by Plaintiff.

6.     These Defendants aver that Defendant Iketha D. Winchester acted with reasonable and prudent care at all times relevant to the subject accident and under all circumstances.

7.     These Defendants aver that Defendant Iketha D. Winchester was suddenly and unexpectedly confronted with an emergency situation, not of her own creation, which interfered with her ability to make deliberate, careful decisions.  She acted with the care that a reasonable person would if faced with the same situation.

8.     These Defendants deny that Defendant Iketha D. Winchester breached any duty owed to the Plaintiff.

9.     These Defendants aver that in the event that Plaintiff or Robert W. Hale failed to mitigate some or all of Mr. Hale's alleged injuries and/or damages, Plaintiffs' recovery, if any, should be reduced or barred accordingly.

10.     These Defendants rely on all applicable statute of limitations, if proven applicable by investigation and discovery.

11.     If applicable by investigation and discovery, these Defendants aver the Arkansas Department of Transportation may be comparatively negligent for failing to adequately warn of the construction and/or traffic in the area where the accident occurred.

12.     The imposition of punitive damages in this case would violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution because the standards of liability for punitive damages in Arkansas are unduly vague and subjective, and permit retroactive, random, arbitrary and capricious punishment that serves no legitimate governmental interest.

13.     The imposition of punitive damages in this case would violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution because the Arkansas standards for determining the amount of the award are unduly vague and subjective, and permit arbitrary, capricious, excessive and disproportionate punishment that serves no legitimate governmental interest.

14.     The imposition of punitive damages in this case would violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution because Arkansas post-verdict review procedures for scrutinizing punitive damage verdicts do not provide a meaningful constraint on the discretion of juries to impose punishment.

15.     The imposition of punitive damages in this case and the absence of the procedural safeguards accorded to these Defendants subject to punishment in criminal proceedings, including a reasonable doubt standard of proof, would violate the Fourth, Fifth and Sixth Amendments and the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution.

16.     The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

17.     The imposition of punitive damages in this case based upon evidence of these Defendants' wealth or financial status would violate the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution.

18.     The imposition of punitive damages in this case based on the out-of-state conduct, profits and aggregate financial status of these Defendants would violate the commerce clause, the equal protection clause, and the privileges and immunities clause of the United States Constitution.

19.     The imposition of punitive damages in this case in the absence of a showing of malicious intent to cause harm to the Plaintiff would violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

20.     The imposition of punitive damages in this case pursuant to Arkansas law to punish Defendant for acts that occurred outside of Arkansas's jurisdiction would violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution as well as the commerce clause of the Constitution.

21.     The imposition of punitive damages in this case based on conduct that did not harm the Plaintiff would violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution as well as the commerce clause of the Constitution.

22.     The imposition of punitive damages in this case based on conduct dissimilar to the conduct that allegedly harmed the Plaintiff would violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution as well as the commerce clause of the United States Constitution.

23.     The damages and/or injuries, of which the Plaintiff complains, if any, were caused by intervening and superseding causes, thereby relieving these Defendants of any responsibility therefore.

24.     These Defendants demand a jury of the maximum number of jurors allowed by law to try all issues so triable.

25.     These Defendants move the Court for permission to amend this Answer and plead their defenses more specifically at the conclusion of its investigation and discovery proceedings.

Wherefore, these Defendants, having fully answered, pray that Plaintiffs' Complaint be dismissed with prejudice at Plaintiffs' cost.

Respectfully submitted,

WILLIAM H. EDWARDS, JR.
Barber Law Firm
425 W. Capitol, Suite 3400
Little Rock, AR  72201
(501) 372-6175/(501) 375.2802 (Fax)

## JURY DEMAND

Now come Defendants Empire Express, Inc. and Empire Transportation, Inc., by and through counsel, and herein demands a trial by jury of the issues triable of and by a jury in this action.

WILLIAM H. EDWARDS, JR.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was forwarded via US Mail on this the 2 day of May, 2016 to:

Corey Trotz - cbtrotz@nstplc.com
**Nahon, Saharovich & Trotz, PLC**
488 S Mendenhall Rd
Memphis, TN 38117

WILLIAM H. EDWARDS, JR.