IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
CIVIL DIVISON

FILED at 2:06 o'clock P.M.
MAR 30 2016
TERRY HAWKINS
CIRCUIT CLERK

SHERRAN K. HALE, Individually, and as
Administrator and Personal Representative of the
Estate of ROBERT W. HALE, deceased,

    Plaintiffs,

vs.

Docket: CV2016-195
JURY DEMANDED

EMPIRE EXPRESS, INC., EMPIRE
TRANSPORTATION, INC., and
J. ANTHONY BRADLEY, Administrator and
Personal Representative of the Estate of
Iketha D. Winchester, deceased,

    Defendants.

## COMPLAINT FOR PERSONAL INJURY AND WRONGFUL DEATH

COMES NOW the Plaintiff, Sherran K. Hale, as Administrator and Personal Representative of the Estate of Robert W. Hale, deceased, by and through her attorneys, Nahon, Saharovich & Trotz, PLC, and files this Complaint against the Defendants, Empire Express, Inc., Empire Transportation, Inc., and J. Anthony Bradley, the Administrator and Personal Representative of the Estate of Iketha D. Winchester, deceased, and in support thereof state the following to wit:

### JURISDICTION, VENUE AND SERVICE OF PROCESS

1. Plaintiff, Sherran K. Hale, is an adult resident of Marion, Crittenden County, Arkansas and was appointed Administrator and Personal Representative of the Estate of Robert W. Hale, deceased, in the Circuit Court, Probate Division, of Crittenden County, Arkansas, No.

1

PR2015-146, on July 8, 2015. Plaintiff, Sherran K. Hale is the surviving spouse of Robert W. Hale, deceased.

2. Upon information and belief, the Defendant, Empire Express, Inc., is a Tennessee corporation doing business in Arkansas, United States Department of Transportation Number 253615, with a principal place of operation at 999 Channel Avenue, Memphis, Shelby County, Tennessee, and may be served through its BOC-3 registered agent, Truck Process Agents of America, Inc., Deborah L. Webb, 1522 ½ E. Race Avenue, Searcy, Arkansas, 72143. At all times pertinent to the present action, Iketha D. Winchester, deceased, was the employee, agent and/or servant of Defendant Empire Express, Inc.

3. Upon information and belief, the Defendant, Empire Transportation, Inc., is a Tennessee corporation doing business in Arkansas, with a principal place of operation at 999 Channel Avenue, Memphis, Shelby County, Tennessee, and may be served through its registered agent, Timothy H. Gatlin, 10001 Bentwood Tree Cove, Collierville, Tennessee 38017. Upon further information and belief, at all times pertinent to the present action, Iketha D. Winchester, deceased, was the employee, agent and/or servant of Defendant Empire Transportation, Inc.

4. J. Anthony Bradley was appointed Administrator and Personal Representative of the Estate of Iketha D. Winchester, deceased, in the Circuit Court, Probate Division, of Crittenden County, Arkansas, No. PR2016-39, on February 26, 2016 and may be served at 3107 East Corporate Edge Drive, Germantown, Shelby County Tennessee 38138.

5. This cause of action arises out of a motor vehicle collision which occurred in West Memphis, Crittenden County, Arkansas on November 5, 2014. Jurisdiction, venue and issuance of service of process are thus proper with this court.

## FACTS

6.  On or about November 5, 2014, at approximately 11:51 P.M., Robert W. Hale, deceased, was operating a 2014 Dodge Ram 1500 bearing Arkansas license plate number 170TSR, in an eastbound direction on Interstate 40 at or near mile marker 276 in West Memphis, Crittenden County, Arkansas.

7.  At the same time, the Defendant, Empire Express, Inc.'s and/or Empire Transportation, Inc.'s driver, employee, agent and/or servant, Iketha D. Winchester, deceased, was operating a 2010 Freightliner Cascadia tractor-trailer, bearing Tennessee License Plate Number K481HZ and United States Department of Transportation Number 253615, owned and maintained by Defendant, Empire Express, Inc. and/or Empire Transportation, Inc., also in an eastbound direction on Interstate 40 at or near mile marker 276 in West Memphis, Crittenden County, Arkansas.

8.  While Robert W. Hale, deceased, was lawfully operating his vehicle in the right travel lane on Interstate 40 East, suddenly and without warning, Defendant, Iketha D. Winchester, deceased, then violently, negligently, recklessly, and with wanton disregard for the life and safety of Robert W. Hale, struck with the front of Defendant's tractor-trailer the rear of Plaintiffs' vehicle. The violent force of this impact pushed Robert W. Hale's vehicle to the right, off of the roadway, causing it to strike the rear of the 2011 Chevrolet Tahoe, owned by the Arkansas State Highway and Transportation Department and operated by Louis Hatchett.

9.  Following that impact, the 2010 Freightliner Cascadia, operated by Defendant, Empire Express, Inc's and/or Empire Transportation, Inc.'s driver, employee, agent and/or servant, continued eastbound on Interstate 40, striking a 2005 Volvo 635 tractor-trailer, owned by Big M Transportation and operated by Brian Tapley, which vehicle was then pushed into a

2003 Ford Windstar, owned by Shrine Club Desoto and operated by Bobby Davis. That impact further caused the 2003 Ford Windstar to strike a 2011 Peterbuilt tractor-trailer, owned by MSM Transport and operated by Ralph Herring, and a 2012 Peterbuilt 587 tractor-trailer, owned by Danielsons Express, Inc., and operated by Adolfo Gonzalez.

10. As a direct and proximate result of the violent collision, Robert W. Hale's vehicle was destroyed and Robert W. Hale sustained severe and debilitating personal injuries which left him quadriplegic.

11. As a direct and proximate result of the negligent, reckless, and wanton conduct of Iketha D. Winchester, deceased, Empire Express, Inc. and/or Empire Transportation, Inc. and the injuries he sustained in this collision, to be hereinafter set out with more particularity, Robert W. Hale died on May 27, 2015.

12. At all times relevant hereto, Robert W. Hale, deceased, exercised care and caution for his own safety and the safety of others properly on the aforesaid roadway.

## RESPONDEAT SUPERIOR

13. Plaintiff charges and alleges that the 2010 Freightliner Cascadia tractor-trailer operated by Iketha D. Winchester, deceased, was owned and maintained by the Defendants, Empire Express, Inc. and/or Empire Transportation, Inc. At all times pertinent to this matter, Iketha D. Winchester, deceased, was the agent, servant, and/or employee of the Defendants, Empire Express, Inc., and/or Empire Transportation, Inc., and was on or about the business of the Defendants, Empire Express, Inc. and/or Empire Transportation, Inc. on November 5, 2014. Therefore, Defendants, Empire Express, Inc. and/or Empire Transportation, Inc. are equally liable for the negligent, reckless, wanton and tortious acts and/or omissions of Iketha D.

4

Winchester, deceased, which caused the personal injuries and subsequent death of Robert W. Hale pursuant to the respondeat superior doctrine of tort liability.

## ACTS AND/OR OMISSIONS OF NEGLIGENCE

14. Plaintiff charges and alleges that the Defendants, Empire Express, Inc.'s and/or Empire Transportation, Inc.'s driver, employee, agent, and/or servant, Iketha D. Winchester, deceased, is guilty of one, some, or all of the following acts and/or omissions of common law negligence, all of which are imputed to Defendants Empire Express, Inc. and/or Empire Transportation, Inc., to wit:

    (a)    Failing to maintain a proper lookout ahead;

    (b)    Failing to maintain proper control of the vehicle under the existing circumstances;

    (c)    Failing to devote full time and attention to the operation of the vehicle;

    (d)    Failing to use the degree of care and caution that was required under the circumstances;

    (e)    Failing to operate the vehicle at a safe speed for the circumstances then and there existing;

    (f)    Failing to keep the vehicle under control; and

    (g)    Failing to exercise ordinary care at the time of the collision.

15. Plaintiff charges and alleges that at the time of the collision in question, the following statutes of the State of Arkansas were in full force and effect and were violated by Iketha D. Winchester, deceased, all of which violations are imputed to Defendant, Empire Express, Inc., to wit:

> *Section 27-50-307: Negligent Homicide.*
> *(a)When the death of any person ensues within one (1) year as a proximate result of injury received by the driving of any vehicle in reckless or wanton disregard for the safety of others, the person operating the vehicle shall be guilty of negligent homicide.*
>
> *Section 27-50-308: Reckless driving.*

*(a) Any person who drives any vehicle in such a manner as to indicate a wanton disregard for the safety of persons or property is guilty of reckless driving.*

### Section 27-51-201: Speed Limitations generally.

*(a)(1) No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing.*
*(2) In every event, speed shall be controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with the legal requirement and duty of all persons to use due care.*

### Section 27-51-305: Following too closely.

*(a) The driver of a motor vehicle shall not follow a vehicle more closely than is reasonable and prudent, having due regard for the speed of the vehicles and the traffic upon and the condition of the highway.*

*(b)(1) The driver of any motor truck or vehicle drawing another vehicle when traveling upon a roadway outside of a business or residence district shall not follow within two hundred feet (200') of another motor vehicle.*

### Section 27-52-102: Obedience to official devices required.

*No driver of a vehicle or motorman of a streetcar shall disobey the instructions of any official traffic-control device placed in accordance with the provisions of this chapter unless otherwise directed by a police officer.*

### Section 27-51-104: Careless and prohibited driving.

(a) It shall be unlawful for any person to drive or operate any vehicle in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, vehicular or otherwise, or in such a manner as to evidence a failure to maintain proper control on the public thoroughfares or private property in the State of Arkansas.
(b) It shall be unlawful for any person to operate or drive any vehicle on the public thoroughfares or private property in the State of Arkansas in violation of the following prohibited acts:
(1) Improper or unsafe lane changes on public roadways;
(2) Driving onto or across private property to avoid intersections, stop signs, traffic control devices, or traffic lights;
(3) Driving in such a manner, or at such a speed, so as to cause a skidding, spinning, or sliding of tires or a sliding of the vehicle;
(4) Driving too close to, or colliding with, parked or stopped vehicles, fixtures, persons, or objects adjacent to the public thoroughfares;
(5) Driving a vehicle which has any part thereof, or any object, extended in such fashion as to endanger persons or property;
(6) To operate any vehicle in such a manner which would cause a failure to maintain control;
(7) To operate or drive a vehicle wherein or whereon passengers are located in such a manner as to be dangerous to the welfare of such passengers; or
(8) To operate a vehicle in any manner, when the driver is inattentive, and such inattention is not reasonable and prudent in maintaining vehicular control.

6

## FEDERAL MOTOR CARRIER SAFETY REGULATIONS

16. Plaintiff charges and alleges that at the time of the subject accident, the Defendants, Empire Express, Inc., USDOT No. 253615, and/or Empire Transportation, Inc., and Iketha D. Winchester were subject to the rules and regulations of the Federal Motor Carrier Safety Administration as codified in 49 C.F.R. §§ 40, 303, 325, and 350-399. Plaintiffs charge and allege that at the time of the collision in question, the following Regulations of the Federal Motor Carrier safety Administration were in full force and effect and were violated by the Defendant's driver, employee, agent, and/or servant, Iketha D. Winchester, deceased, which violations should be imputed to the Defendants, Empire Express, Inc. and/or Empire Transportation, Inc., and in some instances were violated directly by Defendants, Empire Express, Inc. and/or Empire Transportation, Inc., to wit:

> *49 C.F.R. §383.110: General requirement.*
>
> *All drivers of commercial motor vehicles shall have knowledge and skills necessary to operate a commercial motor vehicle safely as contained in this subpart.*
>
> *49 C.F.R. §383.111 Required knowledge.*
>
> *All commercial motor vehicle operators must have knowledge of the following general areas:*
>
> *a) Safe operations regulations.*
> *Driver related elements of the regulations contained in 49 CFR Parts 382, 391, 392, 393, 395, 396, and 397, such as: Motor vehicle inspection, repair, and maintenance requirements; procedures for safe vehicle operations; the effects of fatigue, poor vision, hearing, and general health upon safe commercial motor vehicle operation; the types of motor vehicles and cargoes subject to the requirements; and the effects of alcohol and drug use upon safe commercial motor vehicle operations.*
>
> *(b) Commercial motor vehicle safety control systems. Proper use of the motor vehicle's safety system, including lights, horns, side and rear view mirrors, proper mirror adjustments, fire extinguishers, symptoms of improper operation revealed through instruments, motor vehicle operation characteristics, and diagnosing malfunctions. Commercial motor vehicle drivers shall have knowledge on the*

*correct procedures needed to use these safety systems in an emergency situation, e.g., skids and loss of brakes.*

*(c) **Safe vehicle control.***

    *(1) **Control systems** — The purpose and function of the controls and instruments commonly found on commercial motor vehicles.*

    *(c)(2) **Basic control** — The proper procedures for performing various basic maneuvers.*

    *(c)(3) **Shifting** — The basic shifting rules and terms, as well as shift patterns and procedures for common transmissions.*

    *(c)(5) **Visual search** — The importance of proper visual search, and proper visual search methods.*

    *(c)(6) **Communication** — The principles and procedures for proper communications and the hazards of failure to signal properly.*

    *(c)(7) **Speed Management** — The importance of understanding the effects of speed.*

    *(c)(8) **Space management** — The procedures and techniques for controlling the space around the vehicle.*

    *(c)(10) **Extreme driving conditions** — The basic information on operating in extreme driving conditions and the hazards that are encountered in extreme conditions.*

    *(c)(11) **Hazard perceptions** — The basic information on hazard perception and clues for recognition of hazards.*

    *(c)(12) **Emergency maneuvers** — The basic information concerning when and how to make emergency maneuvers.*

    *(c)(13) **Skid control and recovery** — The information on the causes and major types of skids, as well as the procedures for recovering from skids.*

*(e) **Vehicle inspections:** The objectives and proper procedures for performing vehicle safety inspections, as follows:*

    *(e)(1) The importance of periodic inspection and repair to vehicle safety.*

    *(e)(2) The effect of undiscovered malfunctions upon safety.*

    *(e)(3) What safety related parts to look for when inspecting vehicles.*

*(e)(4) Pre-trip/enroute/post-trip inspection procedures.*

*(e)(5) Reporting findings.*

***(g) Air brake knowledge as follows:***

*(g)(1) Air brake system nomenclature;*

*(g)(2) The dangers of contaminated air supply;*

*(g)(3) Implications of severed or disconnected air lines between the power unit and the trailer(s);*

*(g)(4) Implications of low air pressure readings;*

*(g)(5) Procedures to conduct safe and accurate pre-trip inspections.*

*(g)(6) Procedures for conducting enroute and post-trip inspections of air actuated brake systems, including ability to detect defects which may cause the system to fail.*

***(h) Operators for the combination vehicle group shall also have knowledge of:***

*(h)(2) **Vehicle inspection** — The objectives and proper procedures that are unique for performing vehicle safety inspections on combination vehicles.*

**49 C.F.R. §390.11 Motor carrier to require observance of driver regulations.**

*Whenever in Part 325 of Subchapter A or in this subchapter a duty is prescribed for a driver or a prohibition is imposed upon the driver, it shall be the duty of the motor carrier to require observance of such duty or prohibition. If the motor carrier is a driver, the driver shall likewise be bound.*

**49 C.F.R. §390.37 Violation and penalty.**

*Any person who violates the rules set forth in this subchapter or Part 325 of Subchapter A may be subject to civil or criminal penalties.*

**49 C.F.R. 392.2: Applicable operating rules.**
*Every commercial motor vehicle must be operated in accordance with the laws, ordinances, and regulations of the jurisdiction in which it is being operated. However, if a regulation of the Federal Motor Carrier Safety Administration imposes a higher standard of care than that law, ordinance or regulation, the Federal Motor Carrier Safety Administration regulation must be complied with.*

9

> ***49 C.F.R. §392.3 Ill or fatigued operator.***
> *No driver shall operate a motor vehicle, and a commercial motor carrier shall not require or permit a driver to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle. However, in a case of grave emergency where the hazard to occupants of the commercial motor vehicle or other users of the highway would be increased by compliance with this section, the driver may continue to operate the commercial motor vehicle to the nearest place at which that hazard is removed.*
>
> ***49 C.F.R. 398.14: Hazardous conditions; extreme caution.***
> *Extreme caution in the operation of a commercial motor vehicle shall be exercised when hazardous conditions, such as those caused by snow, ice, sleet, fog, mist, rain, dust, or smoke, adversely affect visibility or traction. Speed shall be reduced when such conditions exist. If conditions become sufficiently dangerous, the operation of the commercial motor vehicle shall be discontinued and shall not be resumed until the commercial motor vehicle can be safely operated. Whenever compliance with the foregoing provisions of this rule increases hazard to passengers, the commercial motor vehicle may be operated to the nearest point at which the safety of passengers is assured.*

## PROXIMATE CAUSE

17.     Plaintiff charges and alleges that one, some or all of the aforesaid acts of common law negligence, violations of the statutes of the State of Arkansas and/or violations of various rules and regulations of the Federal Motor Carrier Safety Administration by Iketha D. Winchester, deceased, and Defendants, Empire Express, Inc. and/or Empire Transportation, Inc. were the direct and proximate cause of the collision at issue, the death of Robert W. Hale and the Plaintiffs' injuries and damages, to be hereinafter set out with more particularity.

## PUNITIVE DAMAGES

18.     Plaintiff charges and alleges that the Defendants, Empire Express, Inc.'s, and/or Empire Transportation, Inc.'s driver, employee, agent and/or servant, Iketha D. Winchester, deceased, acted with a reckless and/or wanton disregard for the life and safety of Robert W. Hale, deceased, all such acts which are imputed to Defendants, Empire Express and/or Empire

Transportation, Inc., and that the Plaintiff is entitled to recover punitive damages in this cause of action.

## INJURIES AND DAMAGES

19. Plaintiff, Sherran K. Hale, Individually and as Personal Representative and Administrator of the Estate of Robert W. Hale, deceased, charges and alleges that as a direct and proximate result of one, some, or all of the aforesaid acts of common-law negligence, violations of the statutes of the state of Arkansas, and/or violations of certain rules and regulations of the Federal Motor Carrier Safety Administration by Defendants, Empire Express, Inc. and/or Empire Transportation, Inc., and by Iketha D. Winchester, deceased, which acts and omissions are imputed to the Defendant, Empire Express, Inc., that Robert W. Hale, deceased, suffered severe and debilitating personal injuries, including, but not limited to: fractured cervical vertebrae, multiple fractures to his left arm, femur, ribs, and a hyper-extended right elbow. Due to the injuries sustained in this collision, Robert W. Hale was left quadriplegic. As a direct and proximate result of the aforementioned acts and omissions of the Defendant, Robert W. Hale died on May 27, 2015 due to the severe and debilitating injuries he sustained in the subject collision.

20. Plaintiff, Sherran K. Hale, Individually and as Personal Representative and Administrator of the Estate of Robert W. Hale, deceased, charges and alleges that as a direct and proximate result of one, some, or all of the aforesaid acts of common-law negligence, violations of the statutes of the state of Arkansas, and/or violations of certain rules and regulations of the Federal Motor Carrier Safety Administration by Defendants, Empire Express, Inc. and/or Empire Transportation, Inc., and by Iketha D. Winchester, deceased, which acts and omissions are

imputed to the Defendants, Empire Express, Inc. and/or Empire Transportation, Inc., that Plaintiff is entitled to receive damages, including but not limited to:

a. Pecuniary damages sustained by Robert W. Hale's surviving spouse and his other statutory beneficiaries;

b. Loss of aid, comfort, services, companionship, and society of Robert W. Hale sustained by his surviving spouse and his other statutory beneficiaries;

c. Severe mental anguish suffered by Robert W. Hale's surviving spouse and his other statutory beneficiaries;

d. Severe and fatal physical injuries sustained by Robert W. Hale;

e. Enormous pain and suffering sustained by Robert W. Hale prior to his death;

f. Hedonic damages, including loss of enjoyment of life damages for Robert W. Hale;

g. Enormous mental anguish;

h. Property damage;

i. Loss of earning capacity, past and future;

j. Medical expenses;

k. Funeral and burial expenses; and

l. Out of pocket expenses, including, but not limited to, modifications to the home of Robert W. Hale to accommodate his disabilities, purchase of a 2014 Dodge Grand Caravan Handicap Conversion van, purchase of a motorized wheelchair, and other expenses necessary to accommodate the severe disabilities of Robert W. Hale.

## RELIEF

21. WHEREFORE, Plaintiffs sue the Defendants, Empire Express, Inc. and/or Empire Transportation, Inc., and J. Anthony Bradley, as the Administrator and Personal Representative of the Estate of Iketha D. Winchester, deceased, and seeks a judgment in the

amount of Thirty-Five Million Dollars ($35,000,000.00) for compensatory damages and seeks a judgment in the amount of Twenty Million Dollars ($20,000,000.00) for punitive damages.

22. Plaintiffs also pray for a trial by jury, the right to recover their costs, the right to amend their complaint to conform to the evidence as it develops, and for all general further and equitable relief that they may be so entitled.

Respectfully submitted,

NAHON, SAHAROVICH & TROTZ, PLC

Corey B. Trotz, BR #200-5256
David W. Hill, BR #200-3194
Attorneys for Plaintiffs
488 S. Mendenhall
Memphis, TN 38117
Phone: (901)-462-3333
Facsimile: (901)-746-1505