IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

SHERRAN K. HALE, Individually and
as Administrator and Personal Representative
of the Estate of Robert W. Hale, deceased                                    PLAINTIFF

v.                                  No. 3:16-cv-120-DPM

EMPIRE EXPRESS, INC.;  EMPIRE
TRANSPORTATION, INC.;  and J. ANTHONY
BRADLEY, Administrator and Personal
Representative of the Estate of
Iketha D. Winchester, deceased                                              DEFENDANTS

ORDER

Whether Iketha Winchester was tired, and whether her many health problems contributed to the collision, have always been core issues.  The Court's Scheduling Order required staged disclosure of experts.  Hale disclosed five retained experts.  None said that Winchester suffered a sudden medical problem.  The Empire defendants disclosed three experts who provided opinions about Winchester's medical conditions. Two reported that they couldn't say one way or the other, based on all the available evidence, about any sudden medical event.  Hale's rebuttal expert, a pathologist, then came down hard:  Dr. Melinek said "it is reasonable to conclude that Ms. Winchester experienced a medical event which delayed her responsiveness and that was the underlying reason for the accident."  № 70-1 at 5.

The Empire defendants' motion to stop Dr. Melinek from testifying at trial is partly granted and partly denied, with a trim to the proposed testimony from the two defense experts. Dr. Melinek's central opinion—a sudden medical event, which slowed the truck driver's ability to react, caused the accident—moves beyond just rebutting the defense experts into a new theory of liability. This opinion belonged in Hale's case in chief. *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006). And it is excluded because Hale didn't disclose it in the first round. FED. R. CIV. P. 26(a)(2)(D) & 37(c)(1). Same ruling on the "ticking time bomb" conclusion. This is another version of Dr. Melinek's deep opinion on what caused this accident: unless disarmed, a ticking time bomb explodes. Last, Dr. Melinek may not testify that discrepancies in the medical records show Winchester's dishonesty with health professionals. This is also a new matter, rather than rebuttal.

Two of Dr. Melinek's opinions directly rebut some of the defense experts' opinions, and thus come in. Dr. Melinek disputes Sawyer's and Scapellato's assessment about drugs because of Winchester's new and recently filled insulin prescription. *№ 70-1 at 6.* That's perfectly acceptable. And she may testify about the possibility of medical problems resulting from insulin. *Ibid.* She may also testify that Winchester's many medical problems

made slowed reaction time foreseeable. This is proper rebuttal of Scapellato's opinion that Empire Express couldn't have predicted Winchester would be in an accident like this one. *№ 70-9 at 3, 4 & 8*. But there's a bright line here: Dr. Melinek may not say that those problems likely caused the accident—either explicitly, or implicitly with a label such as "ticking time bomb."

Fairness requires a trim to Mitler's and Scapellato's opinions, too. They can't say that a sudden medical emergency cannot be ruled in or ruled out. The conclusion is understandable, and could be heard as a non-opinion opinion. But, in the context of this record, it's a hedge that has teeth. It raises the possibility of a sudden medical emergency, and then downplays it by concluding that the facts give no clear answer. Because Hale's first round of expert disclosures didn't press a sudden emergency theory, an omission that prompted the Empire defendants' motion about Dr. Melinek, it would be unfair for the defense experts to speak on that theory at all.

\* \* \*

Motion, *№ 70*, granted in part and denied in part with directions on defense experts.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

21 June 2017